JUDGE KOELTL

07 CV 4616

Our File: 06-99-3672/JJH

JOHN J. HESSION (JH-3501)
DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
131 East 38th Street
New York, New York 10016
Attorneys for Plaintiff
(212) 376-6400

RECEIVED
MAY 31 2007
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LANGEVELD BULB CO.,

                    Plaintiff,

-against-

M/V "NEDLLOYD GENOA," her engines, boilers, tackles, appurtenances, etc; ORIENT OVERSEAS CONTAINER LINE, LTD.

                    Defendant.
-----------------------------------------------------------------X

07 Civ. 4616 (JGK)

ECF CASE

**COMPLAINT**

Plaintiff, by its attorneys, DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION, alleges upon information and belief as follows:

FIRST: All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United Sates and of this Honorable Court.

SECOND: At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and principal office and place of business stated in Schedule "A", hereto annexed, and by this reference made a part thereof.

THIRD: At and during all the times hereinafter mentioned, Defendants had and now have the legal status and offices and places of business stated in Schedule "A", and were

and now are engaged in business as non-vessel operating common carrier of merchandise by water for hire, and or as a vessel owning common carrier of merchandise for hire.

FOURTH: This Court has personal jurisdiction over the Defendants, and venue is proper by reason of Defendants' continuous and systematic contacts with the State of New York. Jurisdiction is also proper under Federal Rule of Civil Procedure 4(k).

FIFTH: On or about the date and at the port of shipment stated in Schedule "A", there was shipped by the shipper therein named and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the port of destination stated in Schedule "A", and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignee named in Schedule "A".

SIXTH: Thereafter, the vessel arrived at the port of destination, where Defendants made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value by reason of the matter and things stated in Schedule "A", all in violation of Defendants' obligations and duties as common carriers of merchandise by water for hire.

SEVENTH: Plaintiff was the consignee or owner of the shipment described in Schedule "A" and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

EIGHTH: By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $199,821.00.

WHEREFORE, Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if Defendants cannot be found within this District, then all of Defendants' property within this District as shall be described in Schedule "A", be attached in the sum of $199,821.00, with interests thereon and costs, the sum sued for in this Complaint;

3. That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and

4. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       May 31, 2007

                                    DOUGHERTY, RYAN, GIUFFRA,
                                    ZAMBITO & HESSION
                                    Attorneys for the Plaintiff

                                    BY: _____
                                    John J. Hession (JH-3501)
                                    131 East 38th Street
                                    New York, New York 10016
                                    Phone: 212-889-2300

## SCHEDULE A

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff, Langeveld Bulb Co., was and now is a corporation organized and existing under and by virtue of the laws of one of the States of the United States with an office and place of business at 725 Vassar Ave, Lakewood, N.J., 08701.

**Defendant's Legal Status and Office and Place of Business:**

Defendant OOCC, was now is a corporation or other business entity organized and existing under and by virtue of the laws of one of the States of the United States or of a foreign country, with an office and place of business at 2633 Comino Raymon, Suite 400, P.O. Box 5100, San Ramon, Ca, 94583.

Defendant MV "NedLloyd Genoa" is a foreign flag vessel that regularly calls at the Port of New York.

| | | |
|---|---|---|
| Vessel | : | P & O NedLloyd, Genoa V080W03 |
| Bill of Lading No. | : | B/L 00LU01303900 / Containers No.: 00LU604729-7; 00LU604776-4; WA 00LU605947-2 |
| Date of Shipment | : | o/a January 20, 2006 |
| Port of Loading | : | Rotterdam |
| Port of Discharge | : | New York |
| Shipper | : | TH. Langeveld BV |
| Consignee | : | Langeveld Bulb Co. |
| Description | : | Flowerbulbs |
| Nature | : | Non-Delivery Containers |
| Amount | : | $199, 821.00 |
| DRGZ&H | : | 07-17-3672 |